UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| DR. RUSSELL ODOM AND THE NATIONAL BAPTIST CONVENTION OF AMERICA INCORPORATED | CIVIL ACTION |
| VERSUS | NO: 09-3532 |
| JEFF POSEY, ROBERT J. DRONBERGER, AND TROY BROSIOUS | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the "Motion to Dismiss for Lack of Subject Matter Jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1)" of Jeff Posey, Robert J. Dronberger, and Troy Brosious is **GRANTED**, and the case is **DISMISSED** for lack of subject matter jurisdiction. (Document #3.)

### I. BACKGROUND

The issue to be decided in this motion is whether Oakbrook Ventures, L.L.C. (Oakbrook Ventures) is an indispensable party in this litigation. The controversy involves the control of Oakbrook Ventures, the owner of twenty-two acres of land located in New Orleans East.

For several years, Dr. Russell Odom, a citizen of Georgia, investigated and researched

the property on behalf of the National Baptist Convention of America, Inc. (the Convention), a Louisiana non-profit corporation, with the view of purchasing and developing it after Hurricane Katrina. Odom discovered that Oakbrook had multiple liens, encumbrances, and title defects that had to be cleared.

On February 20, 2007, the Convention acquired Oakbrook and began the process of developing a commercial tract. Odom met with Robert J. Dronberger, the president of Dronberger Construction Company of Sacramento, California. Through Odom, the Convention entered into a operating agreement on September 10, 2008, to form Oakbrook Ventures[1] with Dronberger on August 15, 2008. Under the agreement, Dronberger would pay $1.5 million to the venture; Odom would be reimbursed $200,000 for his efforts and expense; the Convention would transfer title to the land free of encumbrances and title defects; and Dronberger would manage the development of the property.

Pursuant to the operating agreement, interests in Oakbrook Ventures were divided as follows: Dronberger, a citizen of California, 16.667%; the Convention, a citizen of Louisiana, 25%; Troy Brosious, a citizen of California, 16.666%; Jeff Posey, a citizen of California, 16.666%; and Russell Odom, a citizen of Georgia, 25%.

---

[1] "Limited liability company . . . means an entity that is an unincorporated association having one or more members that is organized and existing under this chapter." La. Rev. Stat 12:1301(10). A limited liability company is a person under this chapter. Limited liabilities have the powers, rights, and privileges provided for a corporation and a partnership. La. Rev. Stat. 12:1303(A). A partnership is a legal entity and may sue and be sued in its name, La. Code Civ. Pro. art. 688; therefore, a limited liability company has the same right. La. Rev. Stat. 12:1303(A).

Dronberger, Brosious, and Posey represented to the Convention that various financial institutions would fund the $1.5 million that Dronberger contracted to pay. On various occasions, Dronberger, Brosious, and Posey promised to provide evidence to Rader Jackson, transaction counsel for Oakbrook, of their ability to meet their financial responsibility. However, no payments were made by Dronberger, Brosious, and Posey or by anyone on their behalf. Dronberger, Brosious, and Posey suggested that they could not obtain financing because of a notice of *lis pendens* on the property. Odom and the Convention were actively addressing the removal the notice of *lis pendens*.

On May 1, 2009, Dronberger, Brosious, and Posey sent to Odom and the Convention a notice of a May 12, 2009, member meeting of Oakbrook Ventures. At the meeting, Dronberger, Brosious, and Posey took the position of "one man, one vote," rather than attributing voting weight according to the percentage of interest of the respective members of the joint venture as provided in the operating agreement. Odom and the Convention did not participate in the meeting, and Dronberger, Brosious, and Posey voted to "oust" Odom as a managing member, a participating member, and the agent for service of process.

On May 13, 2009, Odom and the Convention brought this declaratory judgment action in this court against Dronberger, Brosious, and Posey based on diversity of citizenship. The plaintiffs sought to determine the rights of the parties, to enjoin the enforcement of any actions emanating from the meeting of May 12, 2009, and to return the parties to their status before the May 12, 2009, meeting. Specifically, the plaintiffs seek a declaration that the operating agreement is null and void for failure of consideration because the defendants did not pay the

$1.5 million; a declaration that the operating agreement was obtained by fraud in the inducement because Dronberger represented that he and his companies could pay $1.5 million; and an injunction, prohibiting the defendants from managing, controlling, or conducting the affairs of Oakbrook Ventures.

Dronberger, Brosious, and Posey filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(7). The defendants contend that Oakbrook Ventures is an indispensable party under Rule 19, and that the joinder of the indispensable party would defeat diversity jurisdiction, thereby divesting this court of subject matter jurisdiction.[2]

## II. DISCUSSION

### A. Rule 12 legal standard

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting

---

[2] Meanwhile, the defendants filed suit in state court, alleging *inter alia* that Odom should be "ousted" because of misconduct. Odom filed a "Declinatory Exception of *lis pendens* on grounds that this case is pending in federal court. See Defendants' exh. attached to reply. Odom states that "[t]he federal case involves a dispute over control of Oakbrook Ventures, LLC, which is precisely the gravamen of the petition filed in these proceedings." He asked the state court to decline to exercise jurisdiction until there is a ruling on the motion to dismiss in federal court. That case, No. 09-4207, was removed to this court on June 30, 2009.

4

jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id. "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Id.

In this case, jurisdiction is based on diversity of citizenship. "District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and there is diversity between all parties." Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

**B. Rule 19 legal standard**

The defendants seek dismissal under Rule 12(b)(7), which provides for dismissal for failure to join a party under Rule 19. Rule 19(a)(1)[3] requires that a person subject to process and whose joinder will not deprive the court of subject-matter jurisdiction *must* be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>   (i) as a practical matter impair or impeded the person's ability to protect the interest; or
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

See Hood ex rel. Mississippi v. City of Memphis, Tenn., 2009 WL 1564160 *2 (5th Cir. 2009).

---

[3] Prior to 1966, a party would have been characterized either as "necessary" or "indispensable." 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1604 at 35 (2001). "The necessary-party label has been eliminated to emphasize that the real purpose of this rule is to bring before the court all persons whose joinder would be desirable for a just adjudication of the action and the term 'indispensable' is used in Rule 19(b) only in a conclusory sense." Id.

5

"It is important to note that Rule 19(a) embraces all those persons who should be joined, including those whose joinder is not feasible and who ultimately may be regarded as indispensable under Rule 19(b)." 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1604 at 35-36 (2001).

If a non-party should be joined if feasible, but joinder would defeat subject-matter jurisdiction, the court must then determine whether that person is "indispensable in that the litigation cannot properly be pursued without the non-party." Wright & Miller, *supra* at § 1607. The factors that the district court is to consider in making this determination are laid out in Rule 19(b):

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>    (A) protective provisions in the judgment;
>    (B) shaping the relief; or
>    (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Hood, 2009 WL 1564160 at *2.

The party advocating joinder has the initial burden of demonstrating that a missing party is necessary. Hood, *supra*. If an initial appraisal of the facts indicates that a possible necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder. Id. "When assessing these factors, the relevant inquiry is whether in equity and good conscience the action shall proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Brown v. Pacific Life Ins. Co., 462 F.3d

6

384, 394 (5th Cir. 2006).

**C. Required or indispensable party under Rule 19**

The defendants argue that the true party in interest is Oakbrook Ventures, the owner of the property. See Exh. attached to reply, Transfer of Real Estate. The defendants contend that declaratory and injunctive relief requires naming Oakwood Ventures as an indispensable party-defendant under Rule 19(b).

The plaintiffs argue that joinder of Oakbrook Ventures is not required because all members of the small, closely-held limited liability company are before the court. The plaintiffs argue that complete adjudication of all rights of the members will constitute a complete adjudication of the rights of Oakbrook Ventures in this strictly internal conflict among the members.

After careful consideration of the arguments, this court concludes that Oakbrook Ventures *should* be joined under Rule 19(a). Oakbrook Ventures, the owner of the tract of land to be developed, has an interest related to the subject of the action--a declaration that 1) the operating agreement, which governs the relationship of the members and the operation of Oakbrook Ventures, is null and void; 2) the promise to pay $1.5 million for development of the land constitutes fraudulent inducement; and 3) the request for an injunction to prohibit the defendants from managing, controlling, or conducting the affairs of the joint venture. The disposition of these issues without Oakbrook Ventures' presence may impair or impede its ability to protect its interests. See Rule 19(a)(1)(B)(i). Moreover, the shaping of relief requested by the plaintiffs may provide inadequate protection to the partnership's interest.

Although Oakbrook Ventures "should" be joined under Rule 19(a), joinder of Oakbrook Ventures will destroy complete diversity and thereby deprive the court of subject matter jurisdiction. Therefore, joinder is not feasible, and the court must perform a Rule 19(b) analysis to determine whether Oakbrook Ventures is "indispensable," that is, whether the case cannot proceed without Oakbrook Ventures.

In <u>HB General Corp. v. Manchester Partners, L.P.</u>, 95 F.3d 1185 (3d Cir. 1996), two members of a small limited partnership brought suit, pursuant to diversity jurisdiction, against a third partner, Manchester, seeking a declaratory judgment that Manchester breached the partnership agreement. <u>HB General Corp.</u>, 95 F.3d at 1188. Manchester argued that the partnership was an indispensable party whose joinder destroyed diversity jurisdiction. <u>Id</u>. at 1189. The Court of Appeals for the Third Circuit held that, although the partnership should be joined under Rule 19(a), joinder of the partnership was not feasible because it would deprive the court of diversity jurisdiction. The Court of Appeals further held that the partnership was not an indispensable party under Rule 19(b) because all the partners of the small, limited partnership were before the court, and the exclusion of the partnership would not prejudice Manchester or the partnership. <u>Id</u>. at 1190-91.

In <u>Delta Financial Corp. v. Paul D. Comanduras & Assoc</u>., 973 F.2d 301 (4th Cir. 1992), the defendant argued that the limited partnership was an indispensable party under Rule 19(b). <u>Id</u>. at 303. The Fourth Circuit concluded that the partnership was not indispensable to the dispute because the action arose out of "a strictly internal conflict between the partners," all of whom would be before the district court. The Court stated that, because the defendant had not

8

established that the partnership had any interest distinct from the interests of the several partners, complete relief could be accorded among those who were already parties. Id. at 303-04.

In Bankston v. Burch, 27 F.3d 164 (5th Cir. 1994), W.O. Bankston, one of fourteen limited partners in a Hawaii real estate limited partnership, brought suit against the general partner, William Burch, alleging fraud or negligent misrepresentation, breach of fiduciary duty, mismanagement and waste of partnership assets, and breach of contract. Bankston sought an accounting, dissolution of the partnership, and removal of Burch as general partner; a temporary injunction against dissipation of partnership assets; and a declaration that expenditures were improperly charged against the partnership. Id. at 166. The Fifth Circuit held that the partnership was the real party in interest because the lawsuit sought to vindicate the partnership's rights, not the limited partner's rights. Id. at 167. Moreover, the Court held that the partnership, even more than a party in interest, was an indispensable party without whom the lawsuit should not have gone forward. Id. The Court referred to its decision in Whalen v. Carter, 954 F.2d 1087 (5th Cir. 1992), in which it held that the partnership was an indispensable party in a lawsuit charging the managing partners with fraud. Id. at 168. The Court also cited as persuasive Buckley v. Control Data Corp., 923 F.2d 96 (8th Cir. 1991), in which the Court of Appeals for the Eight Circuit held that the limited partnership, as the holder of the rights from which the claims derived, was an indispensable party to the litigation. Id.

This court concludes that HB General Corp. and Delta are not applicable in this case. In HB General Corp., the issue was a breach of the agreement by one of the partners, which could be litigated by the partners without the joinder of the partnership. Similarly, in Delta, the dispute

9

arouse out of an internal conflict between the partners. The partnership had no interest distinct from the parties before the court.

Unlike the partnerships in HB General Corp. and Delta, the limited liability company in this case, Oakbrook Ventures, would be prejudiced if were absent from this lawsuit. As in Bankston, where the plaintiffs sought the dissolution of the partnership, the gravamen of the claims in this case involves the very existence of Oakbrook Ventures, as the plaintiffs seek to declare the operating agreement, which governs the operation of the company, null and void.[4] See Exh. B, plaintiffs' complaint. Moreover, as in Buckley, the claims arose over the control of the tract of land owned by Oakbrook Ventures; and as in Whalen, there are allegations of fraud in forming the company.

Accordingly, this court concludes that the defendants have carried their burden of demonstrating that Oakbrook Ventures is an indispensable party; and in equity and good conscience, the litigation cannot be properly pursued without the joinder of Oakbrook Ventures.

## C. Dismissal for lack of diversity jurisdiction

"Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008). "[L]ike limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members." Id. at 1080. "The inquiry into the existence of complete diversity requires considering the citizenship

---

[4] Article VII of the operating agreement provides that "[t]he Company shall be dissolved upon the vote of a majority of the members in voting interest."

even of absent indispensable parties." <u>Bankston v. Burch</u>, 27 F.3d at 168. "The parties may not manufacture diversity jurisdiction by failing to join a non-diverse indispensable party." <u>Id</u>.

Under this approach of considering the citizenship of all the members, Oakbrook Ventures is a citizen of Louisiana because the Convention, one of its members, is a citizen of Louisiana. Because there are citizens of Louisiana on each side of the controversy after Oakbrook Ventures is joined as a defendant, complete diversity is lacking. Accordingly, the defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

New Orleans, Louisiana, this  27th  day of July, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**